UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>                Plaintiff,  ) <br>                            ) <br> -v-                          ) <br>                            )  <br> ALEX JAMES FAUGHT,     ) <br>                Defendant.  ) <br>                            ) | No. 2:17-cr-16-01 <br><br> Honorable Paul L. Maloney |

## MEMORANDUM OPINION AND ORDER

Defendant Alex Faught filed a motion for a sentence modification under § 3582(c)(2) (ECF No. 169). Defendant relies on Amendment 821 and asserts that he received status points under USSG § 4A1.1(d). Defendant seeks a reduction in his sentence. The Court will deny Defendant's motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, 18 U.S.C. § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that have the effect of lowering a sentencing guideline range for that defendant. The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*,

560 U.S. 817, 826-27 (2010)). The court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. This first step requires the court to apply the retroactive changes to the Sentencing Guidelines to determine the defendant's new sentencing guideline range. *See United States v. Valentine*, 694 F.3d 665, 670 (6th Cir. 2012) (explaining that "the court substitutes the amendment for the corresponding guidelines provision that was applied when the defendant was sentenced"); *accord United States v. Gutierrez*, 859 F.3d 1261, 1264 (10th Cir. 2017) ("Section 1B1.10 provides that, in considering a sentence reduction, a district court must recalculate the defendant's Guidelines range in light of any applicable retroactive amendments."); *United States v. Bryant*, 307 F. App'x 410, 411 (11th Cir. 2009) ("Thus, when a district court reconsiders a sentence on a § 3582(c)(2) motion, it must first recalculate the sentence under the amended guidelines."). A defendant becomes eligible for a sentence modification under § 3582(c)(2) if the defendant's new or recalculated guideline range, determined by applying the retroactive changes, is lower than the guideline range used at the original sentencing. Defendant's motion fails at the first step.

Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. Status points are those points that were added under then Sentencing Guideline § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides

for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors. With exceptions that do not apply here, a defendant's total criminal history points or criminal history score determines his or her criminal history category. The combination of criminal history category and total offense level determines a defendant's guideline range.

In his motion, Defendant specifically invokes the retroactive changes to "status points" in Part A of Amendment 821. The Court determines that Defendant is ineligible for consideration of modification of sentence under 18 U.S.C. § 3582(c)(2) and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 because even accounting for the amendment, Defendant's guideline range has not been reduced.

Defendant scored two criminal history points before the application of any status points (PSR, ¶ 62). After applying the recent guideline amendment, defendant receives no status points. This results in a total criminal history score of two, which would ordinarily place Defendant in category II. With a total offense level of 31 and a criminal history category of II, the advisory guideline imprisonment range would be 121 to 151 months. The statutory maximum penalty for the offense of conviction is 10 years. 18 U.S.C. § 922(i). As the statutorily authorized maximum sentence of 10 years is less than the minimum of the applicable guideline range, the guideline term of imprisonment is 120 months. U.S.S.G. § 5G1.1(a). Defendant was sentenced to 120 months imprisonment (ECF No. 78).

The amended guidelines concerning status points do not affect the calculation of his sentence. *See United States v. Hamilton*, No. CR 11-10133-FDS, 2023 WL 8880344, at *1 (D. Mass. Dec. 22, 2023) (career offender ineligible for reduced sentence under Guideline

Amendment 821); *Razo v. United States*, No. 1:11-CR-00184-JAW-1, 2023 WL 8890804, at *2 (D. Me. Dec. 26, 2023) (same); *United States v. Shaw*, No. 05-20073-JWL, 2023 WL 8234308, at *1 (D. Kan. Nov. 28, 2023) (same). Accordingly, Defendant is not eligible for a reduced sentence because the guideline calculation has not changed.

For these reasons, the Court **DENIES** Defendant Faught's motion for a sentence reduction. (ECF No. 169).

**IT IS SO ORDERED.**

Date:   October 6, 2025                                        /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge